UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 5:21-cr-37-JA-PRL

ROBERT JOSEPH MILLER

### ORDER

This matter is before the Court on Defendant Robert Joseph Miller's "Motion for Hearing and Motion for Reconsideration of the Court's Detention Order, and Motion for Pretrial Release with GPS Monitoring" (Doc. 31), which seeks revocation of the magistrate judge's Order of Detention Pending Trial (Doc. 18). The Government opposes the motion. (Doc. 35). For the following reasons, the motion is denied.

When the government or the court is concerned that there is a serious risk that a defendant will flee before trial, 18 U.S.C. § 3142 instructs that a judicial officer—in this case the magistrate judge—must conduct "a hearing to determine whether any condition or combination of conditions set forth in [this statute section] will reasonably assure the appearance of the person required." 18 U.S.C. § 3142(f). The facts must show by a preponderance of the evidence that no conditions of release will overcome the risk of flight and detention is thus necessary. United States v. Rodriquez, 897 F.Supp. 1461, 1463 (S.D. Fla. 1995)

(citing United States v. Gebro, 948 F.2d 1118 (9th Cir. 1991)). And, the facts must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(f)(2). See also, United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985). The government may show these facts by way of proffer. United States v. Hong Vo, 978 F. Supp. 2d 41, 42 (D.D.C. 2013) (citing United States v. Smith, 79 F. 3d 1208, 1210 (D.C. Cir. 1996)). "[A] finding of either danger to the community or risk of flight will be sufficient to detain the defendant pending trial." United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985). Factors the judge must consider in making the determination include (1) "the nature and circumstances of the offense charged," (2) " the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4).

"If a person is ordered detained by a magistrate . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation . . . of the order." 18 U.S.C. § 3145(b). Upon receipt of such a motion, the district court must "conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary." United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). This *de novo* review involves

the court doing one of two things. Id. After "a careful review of the pleadings and the evidence developed at the magistrate's detention hearing," the court may explicitly adopt the magistrate judge's order if the court finds that the judge's factual findings are supported and legal conclusions are correct. Id. Or, after reviewing the motion, the court may conduct a hearing if it "determines that additional evidence is necessary or that factual issues remain unresolved." Id. In this instance, the "court must enter written factual findings and written reasons supporting its decision." Id. In this case the record is complete and an additional hearing is unnecessary.

The Indictment charges Defendant with violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearm and ammunition) and 26 U.S.C. § 5861(d) (possession of a short-barreled shotgun). These charges were brought after a search warrant executed on Defendant's property resulted in the discovery of 50 firearms and 9000 rounds of ammunition. The magistrate judge held a detention hearing on June 25, 2021 and found the weight of the evidence against Defendant was strong and that no condition or combination of conditions will reasonably assure Defendant's appearance as required, finding "[t]here is certainly a preponderance of the evidence of a risk of flight, and clear and convincing evidence that you are a danger to the community." (Docs. 18; 37 at 18).

During the detention hearing, the Government proffered the discovery of the firearms and ammunition, and that three of the firearms are stolen, and two are unregistered NFA weapons; Defendant is a felon prohibited from possessing firearms and ammunition; Defendant has a significant criminal history including pending charges in Pennsylvania; Defendant has several failures to appear in court and violations and revocations of probation; and Defendant is subject to a lengthy incarceration for the charges pending in this case. (Doc. 37). In rebuttal Defendant argues that the firearms were in a locked safe away from the main home and various persons frequented the property; that he was "not aware of the moment that he lost his right to possess a firearm;" that his failures to appear have not been willful, and he has always surrendered on finding out about warrants; that he has no passport; and that Tazmine Oliver[1] controlled the safe. (Doc. 31).

Much of what Defendant argues is contradicted by the police reports attached to the Government's response. (Docs. 35-1; 35-3). The Citrus County Sheriff's Office (CCSO) and Homeland Security Investigations (HSI) found firearms and ammunition located in the following areas on the property owned by Defendant: (1) in the "Challenger RV" a Taurus TCP PT 788 firearm loaded with live, hollow point ammunition rounds; a black Remington Brand Model 770

---

[1] There are conflicting references to Tazmine Oliver as his wife or fiancée.

firearm with a scope; a brown Savage Arms Stevens Brand Model 94C firearm; a Mak-90 Sporter firearm; a black and chrome Remington Brand Nylon 66 firearm; and a brown Revelation Brand Model 200 firearm with a black scope attached to it; (2) in a warehouse a firearm and a loaded firearm magazine; (3) in a red airboat, numerous firearms including a Remington Model-1100' firearm, an Amadeo Ross S.R. firearm; a black Remington 870 Express Magnum firearm; a camouflage firearm; a black H&R 1871, LLC Pardner Pump firearm; and ammunition; (4) in the "Freedom Safe," located in the warehouse, thirty-five different firearms of varying types, makes, models and calibers and boxes of ammunition; (5) in a grey trailer, a modified/sawed-off Harrington and Richardson, Inc. shotgun; and (6) in the main home (not in the safe), a Millenium G2 PT111 G2 firearm and box of 9mm Browning Ammunition rounds. (Doc. 35-1). CCSO and HSI agents found in the safe a motorcycle registration for "Robert Joseph Miller" and a "U.S. Passport for 'Miller Robert Joseph.'" (Id.).

Contrary to Defendant's claim that Tazmine Oliver controlled the safe containing the firearms, Ms. Oliver denied knowing the combination to the safe lock and earlier stated Defendant did not allow her access to the safe. (Docs. 35-3; 35-4). Defendant previously admitted to CCSO Detective Carey that the safe was his and that he was the only person with the combination to the safe. (Docs. 35-4 at 3-4; 37 at 7).

5

Defendant now claims he "had previously been granted a restoration of rights and was not aware of the moment he lost his right to possess a firearm." (Doc. 31 at 2). Defendant lost his right to possess firearms due to his felony convictions prior to 1997. The State of Florida indeed restored some of Defendant's civil rights but not the right to own, possess or use firearms. (Doc. 35-2). Eighteen years after the partial restoration of his civil rights, Defendant was again convicted of a felony and again lost his civil rights, including the right to possess firearms. (Docs. 35 at 8; 37 at 7).

The magistrate judge properly considered the factors of 18 U.S.C. § 3142(g)(1)-(4), including Defendant's criminal history and his three separate violations of probation. (Doc. 37 at 16-18).

The Court carefully reviewed Defendant's motion (Doc. 31), the Government's response (Doc. 35), the transcript of the detention hearing, (Doc. 37), the Indictment (Doc. 1), and the Order of Detention Pending Trial (Doc. 18) and find that the magistrate judge's factual findings are supported and his legal conclusions are correct. No additional evidence is needed, and an evidentiary hearing is not required.

Defendant's Motion for Hearing and Motion for Reconsideration of the Court's Detention Order, and Motion for Pretrial Release with GPS Monitoring

(Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 2, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant